IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM FRIDAY,** | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:14cv1762 |
| | ) | **Electronic Filing** |
| **CCAC, COMMUNITY COLLEGE OF ALLEGHENY COUNTY, DAVE HALL, SHARON MILLS, DR. CHARLENE NEWKIRK, JOHN OR JANE DOES 1 THROUGH 20,** | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 8th day of September, 2015, upon due consideration of defendants' motion to dismiss individual defendants and the parties' submissions in conjunction therewith, IT IS ORDERED that [8] the motion be, and the same hereby is, granted. All claims for liability against the individual defendants are dismissed.

As defendants aptly note, Congress did not provide for individual liability for money damages under the Americans With Disabilities Act. Kaslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002). Nor did it provide for individual liability for damages under Title VII. Sheridan v. E. I DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir.), cert. denied, 521 U.S. 1129 (1996) ("Congress did not intend to hold individual employees liable under Title VII.").

Plaintiff's contention that individuals can be held liable under the employment discrimination statutes if they held a sufficiently high supervisory position is misplaced. Supervisors and managers are employees of the employer and thus are beyond the reach of the statutes. See e.g. Rowen v. City of Bayonne, 2009 WL 1470424, *7 (D. N.J. May 26, 2009)

("Here, as in Sheridan and Dici [v. Commonwealth of Pennsylvania, 91 F.3d 542 (3d Cir.1996),], even though Corbett acted in a supervisory capacity, she is still an employee, and as such cannot be held liable under Title VII.").

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: William Friday
219 Griffin Avenue
Pittsburgh, PA 15210

(*Via First Class Mail*)

Homer L. Walton

(*Via CM/ECF Electronic Mail)*